SO ORDERED: July 29, 2016.



Jeffrey J. Graham
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

IN RE:                                  )
                                        )
HUGH BRANDEN ROSS BEATH,   )   Case No. 16-80457-JJG-7
                                        )
        Debtor.                    )

### ORDER DENYING MOTION FOR CHANGE OF VENUE

When a debtor files a bankruptcy petition in the Southern District of Indiana, the case is assigned to one of four divisions based on the debtor's county of residence.  28 U.S.C. § 94(b).  Debtor Hugh Branden Ross Beath resides in Vincennes, Knox County, Indiana, and when he filed his petition his case was assigned to the Terre Haute Division.[1]  *Id.* at § 94(b)(2).  Debtor has filed a motion seeking to transfer venue of his case from the Terre Haute Division to the Evansville Division.  The chapter 7 trustee has objected to the relief requested.  For the reasons stated below, the Court declines to transfer venue of this case.

---

[1]   Debtor's motion indicates that Vincennes is in Gibson County, Indiana.  However, that assertion is incorrect as Vincennes is located in – and is the county seat of – Knox County.

The Southern District of Indiana lacks any local rules governing divisional venue. *Deputy v. City of Seymour*, No. 1:13-cv-412-JMS-DKL, 2013 WL 2474235 at *2 (S.D. Ind. June 7, 2013). As such, we turn to 28 U.S.C. § 1412, which provides that a court may transfer a case under title 11 from one district to another: (1) in the interests of justice or (2) for the convenience of the parties. Although the statute refers only to inter-district transfers, courts have applied it with equal force to intra-district transfers as well. *In re Adkins Supply, Inc.*, Case No. 11-10353-RLJ-7, Adversary No. 14-01000, 2015 WL 1498856 at * 2 (Bankr. N.D. Tex. Mar. 27, 2015); *see also Deputy*, 2013 WL 2474235 at *3 (applying 28 U.S.C. § 1404, which is analogous to § 1412 in civil actions, to intra-district transfers). The venue in which the case is filed is presumed proper, and the movant bears the burden of proof by a preponderance of the evidence. *In re Peachtree Lane Assocs., Ltd.*, 150 F.3d 788. 792 (7th Cir. 1999).

Debtor makes no argument that a transfer of venue here is in the interests of justice.[2] Instead, Debtor hangs his hat on the theory that a transfer of venue is more convenient to the parties. In support, Debtor posits three reasons why venue should be transferred from Terre Haute to Evansville: (1) the Debtor lives in Vincennes and it is easier for him to get to Evansville; (2) Debtor's counsel lives in Evansville; and (3) most creditors are national and are not inconvenienced by a change in venue. None of these reasons support a change in venue.

---

[2] The interest of justice prong of 28 U.S.C. § 1412 relates to the efficient functioning of the courts and whether the litigants can have a speedy resolution of their case and have a judge familiar with the applicable law of the case. *See, e.g., Deputy*, 2013 WL 2474235 at *3.

First, convenience of counsel cannot be a consideration for changing venue. *Deputy*, 2013 WL 2474235 at *3 (citations omitted). Second, a review of Google Maps on July 28, 2016 shows that the travel time from Vincennes to Terre Haute (one hour six minutes) is all of four minutes longer than that of Vincennes to Evansville (one hour two minutes). So there is no greater convenience to one or the other. Third, Debtor only asserts that his creditors would not be inconvenienced by a transfer to Evansville. But a lack of inconvenience does not constitute convenience.

Finally, there is the Court's hesitation to transfer venue intra-district due to the specter of forum shopping. *See, e.g., In re Adkins*, 2015 WL 1498856 at *6. Of the four divisions in the Southern District of Indiana, only Indianapolis is a multi-judge division. Therefore, a transfer of any case to Evansville, New Albany or Terre Haute means that the transferee is essentially choosing not only a division but a judge. This, in the Court's view, requires the Court to review any motion to transfer venue with a high degree of scrutiny to discourage transferees from attempting to select a judge rather than a venue.

For all of the above reasons, the Court does not believe Debtor has proved by a preponderance of the evidence that Evansville is a better venue than Terre Haute. As such, the trustee's objection is SUSTAINED and Debtor's motion for change of venue is DENIED.

###